IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE M. ESPARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:11-cv-00049 |
| VS. | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff Jose M. Esparza files this Original Compliant against Defendant Allstate Insurance Company, and shows as follows:

**A. Parties**

1. The plaintiff is Jose M. Esparza. He is a resident of Nueces County, Texas.

2. The defendant is Allstate Insurance Company. It is a corporation existing in the state of Texas. It maintains its office in the state of Texas. It may be served with process by serving its registered agent for service, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**B. Jurisdiction**

3. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C.

§ 216(b) and 28 U.S.C. § 1331.  The plaintiff's claims arise under § 207 of the FLSA. This case presents a federal question.

### C.  Venue

4.  Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

### D.  Facts

5.  The plaintiff was employed by the defendant in Corpus Christi, Texas, as an insurance adjuster.

6.  He was employed by the defendant for about 10 years.  The plaintiff worked from his office, maintained at his home, and handled residential property damage claims. Claims were assigned to the plaintiff from the defendant's office in Dallas.  He had very little discretion in how he performed his job, particularly during the last 18 months or so of his employment, when the defendant's policies and procedures regarding the plaintiff's job duties changed.  He could resolve and settle claims that had a maximum value of $5,000, without obtaining approval from his supervisors in Dallas.

7.  The plaintiff regularly worked more than 40 hours per week for the defendant, but he was was never paid time and a half for the overtime hours he worked.  Instead, he was classified as exempt and was paid a fixed salary.

8.  The defendant's conduct caused damages to the plaintiff.

### E.  Cause of Action

**Count 1-Violation of the Fair Labor Standards Act (FLSA)**

9.  The plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-8, *supra*.

10.  The defendant violated Section 207 of the FLSA by employing the plaintiff in any workweek, where he was engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating him for work hours in excess of forty hours at a rate not less than one and one-half times the regular rate at which he was employed.  *See* 29 U.S.C. § 207(a).

11.  The defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the plaintiff overtime compensation for hours worked per week in excess of 40.  The decision made by the defendant to not pay the plaintiff was neither reasonable nor in good faith.  Accordingly, the plaintiff is entitled to his unpaid overtime compensation under the FLSA and liquidated damages in an amount equal to his unpaid wages, as provided by law, and for which he seeks from the defendant by this suit and from this Court.

12.  Pursuant to the FLSA, the plaintiff also seeks recovery of his reasonable and necessary costs and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit.

**F.  Prayer**

13. For these reasons, Plaintiff Jose M. Esparza respectfully requests that Defendant Allstate Insurance Company, be cited to appear and answer herein and that, following final hearing, be awarded all of his unpaid overtime wages, liquidated damages, costs, attorney's fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Southern District ID No. 24936
Texas Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
jbrooks@brooksllp.com (e-mail)

**Attorney for Plaintiff Jose M. Esparza**

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com (web)